UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

In re                                                    )
                                                         )
PHILLIP KEITH DICKEY,                                    )   Case No. 08-50906
CAROL LYNN DICKEY,                                       )   Chapter 13
                                                         )
                                                         )
            Debtors.                                     )
_____)

## STIPULATION

This matter came before the Court on the *Objection to Amended Claim 20 Filed by Capital One Auto Finance* [D.I. 74] (the "Second Objection") filed by Debtors Phillip Keith Dickey and Carol Lynn Dickey (collectively, the "Debtors") on November 5, 2013, and objecting to redacted proof of claim no. 20-2 (the "Redacted Claim") filed by Capital One Auto Finance, a Division of Capital One, N.A. ("Capital One Auto Finance") on October 22, 2013. The Debtors, on the one hand, and Capital One Auto Finance (together with the Debtors, the "Parties"), on the other hand, by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on September 12, 2008 (the "Petition Date"), the Debtors filed their petition for relief under chapter 13 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

WHEREAS, on November 17, 2009, Capital One Auto Finance filed proof of claim no. 20-1 (the "Original Claim") in the Debtors' bankruptcy case.

WHEREAS, on August 29, 2013, the Debtors filed their *Objection to Claim 20 Filed by Capital One Auto Finance (CODB)* [D.I. 61] (the "First Objection").

WHEREAS, on September 23, 2013, Capital One Auto Finance filed an amended response to the First Objection stating that Capital One Auto Finance agrees that the Original Claim should be disallowed. See D.I. 68.

WHEREAS, on October 4, 2013, Capital One Auto Finance filed the Ex Parte *Motion of Capital One Auto Finance for a Protective Order to Restrict Public Access to Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* [D.I. 71] (the "Motion to Restrict"). The sole purpose of the Motion to Restrict was to restrict public access to the Original Claim which contained personally identifiable information, and to replace the Original Claim with a replacement redacted in accordance with Fed. R. Bankr. P. 9037.

WHEREAS, on October 7, 2013, the Court entered an *Order Granting* Ex Parte *Motion of Capital One Auto Finance for a Protective Order to Restrict Public Access to Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* [D.I. 72] (the "Protective Order").

WHEREAS, pursuant to the terms of the Protective Order, Capital One Auto Finance was directed to amend the Original Claim, which amended claim "shall be identical in all respects" to the Original Claim, "except that personal identifiers shall be redacted in accordance with Rule 9037(a)." See D.I. 72 at p. 2.

WHEREAS, on October 16, 2013, the Court entered an order sustaining the First Objection and disallowing the Original Claim. See D.I. 73.

WHEREAS, on October 22, 2013, as required by the Protective Order, Capital One Auto Finance replaced the Original Claim by filing the Redacted Claim, which was identical in all respects to the Original Claim that it replaced. See Proof of Claim No. 20-2.

WHEREAS, on November 5, 2013, the Debtors filed the Second Objection objecting to the Redacted Claim and arguing that the Redacted Claim should be disallowed. See D.I. 74. The Debtors acknowledge that the Redacted Claim "is no different than the original claim." It was simply refiled with the Debtors' personally identifiable information redacted. Id.

WHEREAS, as set forth in the Motion, Capital One Auto Finance's filing of the Redacted Claim has no substantive impact on the disposition of the Original Claim nor does it substantively affect the rights of the Debtor, Capital One Auto Finance or its claim(s).  See D.I. 71 at ¶ 8.

WHEREAS, Capital One Auto Finance stipulates that the Original Claim was disallowed and, because the Redacted Claim is substantively identical to the Original Claim the Order disallowing the Original Claim applies to the Redacted Claim.  Capital One Auto Finance further stipulates that the Redacted Claim has already been disallowed by virtue of the October 16 Order disallowing the Original Claim.  Therefore,

IT IS HEREBY ORDERED that proof of claim number 20-2 is disallowed.

Let the Clerk send a copy of this Stipulated Order, as entered, to counsel of record.

Dated: _____, 2013

Ur _____
Thomas H. Fulton
United States Bankruptcy Judge
Dated: November 20, 2013

**CONSENTED AND AGREED TO:**

/s/ *Marcus H Herbert*
Marcus H. Herbert
Kentucky Bar No. 87617
416 South 5th Street
P.O. Box 2693
Paducah, KY 42002-2693
Telephone: (270) 443-0303

*Attorney for the Debtors*


/s/ John H. Dwyer, Jr
John H. Dwyer, Jr.
Kentucky Bar No. 84393
ZIELKE LAW FIRM, PLLC
1250 Meidinger Tower
462 South 4th Street
Louisville, KY 40202
Telephone: (502) 589-4600
Facsimile: (502) 584-0422
Email: jdwyer@zielkefirm.com

-and-

Tara L. Elgie, Esq. (VSB No. 48259)
Shannon E. Daily, Esq. (VSB No. 79334)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: telgie@hunton.com

*Attorneys for Capital One Auto Finance,
a Division of Capital One, N.A.*